"O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **DAVE NGUYEN,** | ) | **CASE NO. SACV 09-0244-AG(SSx)** |
| Plaintiff(s), | ) | |
| v. | ) | **ORDER GRANTING MOTION FOR ATTORNEY FEES** |
| **HARTFORD LIFE INSURANCE COMPANY,** | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

This case involves a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"). The parties have settled the lawsuit, and Plaintiff Dave Nguyen ("Plaintiff") filed a motion requesting reasonable attorney fees ("Motion"). The Court GRANTS the Motion and awards attorney fees of $29,556.

**BACKGROUND**

Plaintiff sought payment of insurance proceeds from Defendant Hartford Life Insurance Company ("Defendant"), but Defendant refused to pay and claimed Plaintiff's insurance application was incomplete. (Fourth Amended Complaint ("FAC") ¶¶ 10-12.) Plaintiff filed a Complaint for breach of contract and breach of the implied covenant of good faith. He alleged that Defendant improperly "review[s] insurance applications when a claim is submitted rather than when the applications are submitted . . . ." (FAC ¶ 19.)

Defendant removed the case to federal court, claiming that this lawsuit was "founded on a claim of right arising under [ERISA]." (Notice of Removal ¶ 4.) Then a series of dismissals and amended pleadings began. Plaintiff prepared five complaints total, including four amended complaints. Defendant claims it did not receive a copy of the First Amended Complaint. (Opp'n 9:8-9.)

In the Second Amended Complaint ("SAC"), Plaintiff asserted claims for (1) recovery of ERISA benefits, (2) breach of fiduciary duty, and (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Defendant filed a motion to dismiss the SAC, which resulted in dismissal with leave to amend of Plaintiff's breach of fiduciary duty and RICO claims.

Plaintiff filed the Third Amended Complaint ("TAC"), asserting claims for (1) recovery of ERISA benefits, (2) equitable relief under ERISA, and (3) violation of RICO. Defendant filed another motion to dismiss, which led to dismissal with leave to amend of the equitable relief and RICO claims.

Then Plaintiff filed the Fourth Amended Complaint, asserting the same claims as the TAC. Again, Defendant filed a motion to dismiss. This time, the Court dismissed Plaintiff's RICO claim *without* leave to amend. But the Court also found that Plaintiff stated a viable equitable relief claim.

With claims for recovery of ERISA benefits and equitable relief remaining, the parties settled this lawsuit. The terms of the settlement are confidential, but include at least some

payment to Plaintiff.  (Mot. 1:23-24.)

Then Plaintiff filed this Motion.  Though he does not explicitly state the total amount of attorney fees sought, Plaintiff requests fees for 169.6 hours worked at an hourly rate of "$325 or more."  (Reply 12:22 (emphasis omitted).)  These figures produce a total request of $55,120.  Defendant opposes this request.

**ANALYSIS**

Defendant argues that no fees should be awarded.  If fees are awarded, Defendant asserts that "the Court should significantly reduce the . . . hours of work allegedly performed," and that the award should be based on a lower hourly rate than Plaintiff requests.  (Opp'n 3:24-26, 11:7-12:5.)  The Court finds that a fee award is appropriate, but at a rate of $180 per hour for 164.2 hours.

**1.     WHETHER AN AWARD IS APPROPRIATE**

In an ERISA lawsuit brought by a participant, beneficiary, or fiduciary, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g).  In deciding whether to award attorney fees, courts "must analyze the five *Hummell* factors:

> 1. the degree of the opposing party's culpability or bad faith,
> 2. the ability of the opposing party to satisfy an award of fees,
> 3. whether an award of fees would deter others from acting in similar circumstances,
> 4. whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA, and
> 5. the relative merits of the parties' positions."

3

*Cline v. Indus. Maint. Eng'g & Contr. Co.*, 200 F.3d 1223, 1235 (9th Cir. 2000) (quoting *Hummell v. Se. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980)). "These factors are intended to guide the court's exercise of its discretion, . . . but none is necessarily decisive; various permutations and combinations can support an award of attorney fees . . . ." *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 749 (9th Cir. Cal. 1994) (citations and quotation marks omitted). The Court addresses each factor in turn.

### 1.1 The Degree of Defendant's Culpability or Bad Faith

The first *Hummel* factor weighs in favor of awarding attorney fees if the opposing party acted in bad faith in prosecuting or defending the action. *Cline*, 200 F.3d at 1236. Even if a party ultimately fails on a claim or defense, it will not be found to have acted in bad faith "a reasonable basis existed" for its position. *Id*.

Here, Defendant had a reasonable basis for defending this lawsuit. Indeed, Defendant's motions to dismiss resulted in multiple dismissals of some of Plaintiff's claims.

Plaintiff argues Defendant acted in bad faith by failing to investigate Plaintiff's claim thoroughly and delaying the payment of benefits. The Court cannot make such a finding. At this stage, the Court is not in a position to decide whether Plaintiff can establish "'bad faith' liability." (*See* Mot. 3:3-10.) Such a decision would require detailed evidentiary presentations and legal analysis concerning the merits of Plaintiff's lawsuit. Here, the relevant inquiry is whether Defendant had a reasonable basis to defend against Plaintiff's claims. It did.

This factor weighs against awarding attorney's fees, but it is not dispositive. "[B]ad faith is not a prerequisite to an ERISA fee award." *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999).

### 1.2 Defendant's Ability to Satisfy an Award of Fees

The parties agree that Defendant is financially able to satisfy an award of attorney fees, so

4

this factor weighs in favor of a fee award.

### 1.3 Deterrence of Others in Similar Circumstances

Plaintiff alleges that Defendant reviewed insurance applications for completeness when claims were filed instead of when the applications were submitted. (FAC ¶ 19.) He believes that this allowed Defendant to profit improperly from insurance premiums collected from applicants who would later be determined to be uninsured. (FAC ¶ 19.) Plaintiff argues that an award of attorney fees would deter entities like Defendant from engaging in similar conduct. (Mot. 5:13-23.) Defendant contends that its actions were reasonable, so there is no need to deter similar conduct. (Opp'n 6:14-19.) The Court agrees with Plaintiff.

The Court has not made a finding about whether or not Defendant's conduct underlying this lawsuit was proper. Rather, the parties settled based on Plaintiff's allegations that Defendant violated ERISA by "review[ing] insurance applications when a claim is submitted rather than when the applications are submitted . . . ." (FAC ¶ 19.) Though this allegation was not tested at a summary judgment stage, the Court found that it was the basis for a viable claim. (July 13, 2009 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss). An award of attorney fees will deter others who might engage in similar actionable conduct.

### 1.4 The Benefit of Other Participants

Plaintiff argues that its lawsuit sought to benefit other individuals by "enjoin[ing] [Defendant] from utilizing the biased practice of reviewing insurance applications when a claim is submitted as opposed to when an application is submitted . . . .." (Mot. 5:27-6:5.) The Court agrees, but Defendant does not. Defendant argues that "Plaintiff has offered no proof that these [other] individuals have a right to damages."

Defendant's argument fails. At this stage, Plaintiff does not need to provide *proof* that other individuals are entitled to damages. He sought to benefit them through this lawsuit, which weighs in favor of awarding attorney fees.

**1.5   The Relative Merits of the Parties' Positions**

The Court finds that both Plaintiff and Defendant took meritorious positions throughout this case. Defendant made multiple successful arguments in its motions to dismiss, and it makes plausible arguments that Plaintiff's remaining claims would be unsuccessful. On the other hand, Plaintiff makes strong arguments that his case would be successful. He crafted a viable claim that Defendant improperly reviewed applications when claims were submitted. And he provides evidence that his insurance policy states, "[e]xcept for non-payment of premium, the Policy cannot be contested after two years from the Policy Effective Date," and that Defendant contested it because of incompleteness over two years after the "Policy Effective Date." (Mot. 4:1-15.)

This factor is neutral in the Court's analysis.

**1.6   Balancing the *Hummell* Factors**

Defendant did not act in bad faith in defending this lawsuit, so the first *Hummell* factor weighs against attorney fees. Defendant's ability to satisfy a fee award, the deterrence of others, and the benefit to others all weigh in favor of awarding fees. The final factor, the relative merits of the parties' positions, is neutral.

On balance, the Court finds that the *Hummell* factors support an award of attorney fees.

### 1.7 Defendant's Other Arguments

Defendant argues that "the Court should not award fees to Plaintiff because no [reasonable hourly] rate has been pled . . . ." (Opp'n 4:6-8.) But its argument ignores Plaintiff's request that the Court "apply [the] findings and determinations in *Toven v. Metropolitan Life Ins. Co.*[, CV 06-07260, 2009 WL 578538 (C.D. Cal. March 05, 2009)]." (Mot. 7:17-21.) In *Toven*, a district court found that $325 was a reasonable hourly rate for an attorney that had been practicing for a similar amount of time as Plaintiff's attorney. *Id.* at *3-4. Thus, Plaintiff requests an hourly rate of $325.

Defendant also argues that no fees should be awarded because "the hours spent [by Plaintiff's counsel] are excessive." (Opp'n 4:6-8.) This argument is unpersuasive. Where participants or beneficiaries prevail in lawsuits to enforce their rights under ERISA, they "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1468 (9th Cir. 1995); *McElwaine*, 176 F.3d at 1172. Since Plaintiff recovered some of the relief sought through the settlement, the Court finds that an award of attorney fees is appropriate.

## 2. A REASONABLE AWARD OF ATTORNEY FEES

The Court must now determine the amount of fees that should be awarded. To recap, Plaintiff is entitled to attorney fees and believes he deserves an award of $55,120. Defendant believes that Plaintiff's request is based on an unreasonably high hourly rate and excessive hours worked. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

**2.1     A Reasonable Hourly Rate**

The requested hourly rate of $325 should be reduced.  Plaintiff attempts to analogize this case to *Toven*.  He asserts that, "[i]n *Toven*, [a court] determined that $325 was a reasonable rate for an attorney who took and passed the California bar examination in the summer of 2006. . . . Plaintiff's attorney . . . also took and passed the California bar examination in the summer of 2006."  (Reply 4:24-5:4.)

Plaintiff's attempted analogy is imperfect.  A reasonable hourly rate is determined not by the number of years spent as a practicing lawyer, but by "experience, skill, and reputation." *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir. 2007).  *Toven* itself found "no authority for the proposition that rates should be determined based on the date of admission to the bar."  2009 WL 578538, at *4.  In *Toven*, the court found that $325 appropriately compensated an attorney's skill "in light of the materials submitted," but did not reveal what materials were submitted.  *Id*.  Thus, the Court must make an independent determination of a reasonable hourly rate in light of the materials before it.

The most reliable factor in determining a reasonable hourly rate is the ability demonstrated by an attorney.  Plaintiff's attorney was able to plead claims for recovery of ERISA benefits and equitable relief under ERISA.  But he also made several unsuccessful claims in multiple amended complaints.  Certainly, dismissals might sometimes result from a deft attorney's strategic attempt to avoid divulging too many facts in a complaint.  But that is not the case here, where the initial failures to plead viable claims were due to inexperience.  Based on what Plaintiff's attorney has demonstrated, $325 an hour is an excessive rate.

So what *is* a reasonable rate?  Defendant offers its own suggestion.  It argues that $180 per hour is reasonable given the skill and experience of Plaintiff's attorney.  The Court agrees. The repeated failure to plead sufficient claims shows that Plaintiff's attorney was inexperienced. And Plaintiff has not submitted evidence that his attorney's skill and reputation command a rate higher than $180 per hour.

$180 is a reasonable hourly rate for Plaintiff's attorney.

**2.2     The Number of Hours Reasonably Expended**

The parties also dispute the number of hours reasonably expended by Plaintiff's counsel in this lawsuit. Plaintiff provides a copy of his attorney's itemized time sheet setting forth the amount of time he spent in this lawsuit, which totals 169.6 hours. Defendant makes various challenges to the 169.6 figure.

2.2.1   Plaintiff's Unsuccessful Claims

Defendant argues that Plaintiff's attorney should not be compensated for the time spent preparing non-ERISA claims that were dismissed. The Court disagrees.

A court awarding attorney fees to a plaintiff who achieved partial success "must consider (1) whether the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded, and (2) whether the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Dang v. Cross*, 422 F.3d 800, 812-13 (9th Cir. 2005) (internal quotation and citation omitted; alteration in original). If the successful and unsuccessful claims are "different both legally and factually," time "expended on the unsuccessful claims should not be included in the fee award." *Id*. at 813 (internal quotation and citation omitted). But if "the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.

Here, Plaintiff's ERISA and non-ERISA claims are related because they arise from the same set of facts. The Court finds that the hours spent by Plaintiff's counsel concerning these claims were reasonable. The issues concerning these claims were hotly disputed. Further, the $180 hourly rate for Plaintiff's attorney reflects his inexperience, which accounts for his multiple attempts – at the best of his ability – to state viable claims. Though Plaintiff's non-ERISA claims did not ultimately succeed, the Court finds that the time spent pursuing them was

9

1 reasonable.

#### 2.2.2   Plaintiff's First Amended Complaint

Defendant argues that while Plaintiff's attorney spent 12.6 hours preparing a first amended complaint, it was never filed with the Court and Defendant never received it. (Opp'n 9:8-9.) Plaintiff responds:

> the Opposition provides . . . that [Defendant] never received a copy of Plaintiff's [F]irst [A]mended [C]omplaint.  Sheriff Leroy D. Baca . . . has certified, however, that a copy of Plaintiff's First Amended Complaint was personally served on [Defendant] . . . .  In fact, Plaintiff finds it difficult to imagine how [Defendant] could have attached a copy of the First Amended Complaint to its removal notice without having a copy of the amended complaint to begin with.

(Reply 6:25-7:7.)  Plaintiff is correct that his First Amended Complaint was served on Defendant, (Reply Ex. 2), and that Defendant's Notice of Removal attached a copy of it (Notice of Removal, Ex. A, at 27).  Thus, there will be no reduction for time spent preparing the First Amended Complaint.

#### 2.2.3   Time Spent Reviewing Discovery

Defendant argues that the amount of time spent conducting discovery by Plaintiff's attorney was excessive.  It contends that that Plaintiff's attorney "propounded requests that went beyond the scope of ERISA and inquired about" claims that were ultimately dismissed, and that Plaintiff's requests were "overbroad and . . . objections were properly raised." (Opp'n 10:11-15.)  After reviewing Plaintiff's discovery requests, the Court finds that they were reasonable.

### 2.2.4 Pre-Litigation Activities

Defendant argues that 5.4 hours spent by Plaintiff's attorney trying to resolve this case at the administrative level should be subtracted from Plaintiff's request. The Court agrees. ERISA does not authorize attorney fees for work during the administrative exhaustion phase of a case. *Cann v. Carpenters' Pension Trust Fund of N. Cal.*, 989 F.2d 313, 316 (9th Cir. 1993). Thus, the Court will reduce Plaintiff's request by 5.4 hours.

**2.3　Conclusion**

Plaintiff's attorney reasonably expended 164.2 hours prosecuting this case. At an hourly rate of $180, the Court finds that Plaintiff is entitled to an award of $29,556.

**DISPOSITION**

The Court GRANTS the Motion for attorney fees.

IT IS SO ORDERED.

DATED: November 2, 2009

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Andrew J. Guilford
　　　　　　　　　　　　　　　　　　United States District Judge